Filed 6/28/21  P. v. King CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091351 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F07198) |
| v. | |
| RALPH E. KING, | |
| Defendant and Appellant. | |

In 2005, a jury found defendant Ralph E. King guilty of second degree murder and attempted murder.  The trial court sentenced him to 24 years to life in state prison.  We affirmed the judgment in defendant's previous appeal from his underlying convictions. (*People v. King et al.* (Oct. 19, 2006, C050300) [nonpub. opn.] (*King*).)  While defendant was serving his sentence, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) (Stats. 2018, ch. 1015, §§ 1-4), which amended the law governing murder liability under felony murder and natural and probable consequences theories, and provided a new procedure under Penal Code section 1170.95[1] for eligible defendants to petition for recall and resentencing.

---

[1]     Undesignated statutory references are to the Penal Code.

1

Defendant filed a section 1170.95 petition, but the trial court denied it after reviewing the parties' pleadings, our prior unpublished opinion, the court's file, and the transcript of defendant's trial. In its written decision, the trial court found there was sufficient evidence from which the jury could have found defendant guilty of murder as a direct aider and abettor (i.e., with malice).

Defendant appeals, arguing that because the jury also could have found him guilty on an alternate theory of murder not requiring malice, the trial court should have issued an order to show cause and held an evidentiary hearing. The People concede the error and agree the matter should be remanded for a hearing pursuant to section 1170.95, subdivision (d). We agree with the parties and will reverse and remand for further proceedings.

BACKGROUND

A.     *Defendant's convictions*

In 2005, a jury found defendant guilty of second degree murder, attempted murder, and unlawful possession of a firearm. The jury also found true two firearm allegations. The trial court subsequently sentenced defendant to a life term on the murder conviction. (*King, supra*, C050300.)

B.     *The appeal*

On appeal from the judgment, defendant argued there was insufficient evidence to support his conviction for murder. (*King, supra*, C050300.) As noted in our opinion, at trial "[t]he prosecutor argued the jury could find [defendant] guilty on both counts as an aider and abettor, either because he shared [the shooter's] intent to kill [the first victim] (and, by transferred intent, [the second victim]) or to shoot at him with conscious disregard for human life, or because he shared [the shooter's] intent to shoot into the [car] to scare or send a message to [the first victim], or because he conspired with [the shooter and another] to have [the shooter] discharge a firearm at an occupied motor vehicle or with gross negligence." (*King, supra*, C050300.)

2

The jury was instructed on several theories proposed by the prosecutor to find defendant guilty of murder.  The jury, however, made no findings to indicate the theory (or theories) of murder on which it rested its verdicts.

Reviewing the evidence "most favorably to the judgment," we concluded that substantial evidence supported aiding and abetting liability because defendant "procured the gun used by [the shooter] with the intent that [the shooter] use it against [the victim] and his associates." (*King, supra*, C050300.)  Because we resolved the appeal thusly, we did not address the remaining theories presented to the jury at trial.  (*Ibid.*)

C.      *Defendant's section 1170.95 petition and appeal*

In January 2019, after passage of Senate Bill 1437 (2017-2018 Reg. Sess.), defendant filed a petition to vacate his second degree murder conviction.  Using a preprinted form, he checked boxes stating he had been convicted of murder pursuant to the felony-murder rule or the natural and probable consequences doctrine; he was not the actual killer; and he could not now be convicted of murder in light of changes to the law made by Senate Bill 1437.  He also checked a box requesting that counsel be appointed for him.

The trial court determined defendant established a prima facie case for resentencing and appointed counsel for him.  Thereafter, the People filed a motion to dismiss the petition.  In support of their motion, the People argued defendant failed to make a prima facie showing of eligibility for resentencing and that Senate Bill 1437 (2017-2018 Reg. Sess.) was unconstitutional.  Defendant filed a reply, after which the trial court issued a preliminary ruling concluding it did not appear defendant was eligible for resentencing.  The court directed the parties to prepare additional briefing on the issue.

On December 30, 2019, the trial court denied defendant's petition.  The court indicated it had taken into consideration the parties' briefs, this court's opinion from the prior appeal, and the trial court record, including jury instructions.  The trial court

3

acknowledged that this court did not determine that the jury found defendant guilty based on direct aiding and abetting; however, the trial court concluded, this court's finding of sufficient evidence of direct aiding and abetting "negated the element required" for defendant to be eligible for relief under section 1170.95. The trial court reasoned that because the jury *could* have convicted defendant under a theory of direct aiding and abetting, defendant *could* still be convicted of murder in 2019, even with the changes to sections 188 and 189.

Defendant filed a timely notice of appeal.

DISCUSSION

A.     *Overview of Senate Bill 1437 (2017-2018 Reg. Sess.)*

Senate Bill 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 (2017-2018 Reg. Sess.) also added section 1170.95 to provide the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences theory." (§ 1170.95, subd. (a).) Evaluation of a section 1170.95 petition requires a multistep process: an initial review to determine the petition's facial sufficiency; a prebriefing, " 'first prima facie review' " to determine

4

preliminarily whether the petitioner is statutorily eligible for relief as a matter of law; and a second, postbriefing prima facie review to determine whether the petitioner has made a prima facie case that he or she is entitled to relief. (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 897, review granted Aug. 12, 2020, S263219; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327-330, review granted Mar. 18, 2020, S260493 (*Verdugo*); but see *People v. Cooper* (2020) 54 Cal.App.5th 106, 118, review granted Nov. 10, 2020, S264684 [section 1170.95, subdivision (c) does not require two prima facie reviews].) If the petitioner makes such a showing, the court must issue an order to show cause and conduct a hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1170.95, subds. (c), (d); *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1165-1166.)

At that hearing, the burden of proof is on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. Both the People and the petitioner may rely on the record of conviction, including an appellate opinion in the case, and may also present new and additional evidence to demonstrate the petitioner is, or is not, entitled to resentencing. (§ 1170.95, subd. (d)(3); see *People v. Clements* (2021) 60 Cal.App.5th 597, 603, 612-613, review granted Apr. 28, 2021, S267624; *People v. Tarkington, supra*, 49 Cal.App.5th at pp. 899, fn. 5 & 909, review granted Aug. 12, 2020, S263219; *Verdugo, supra*, 44 Cal.App.5th at p. 333, review granted Mar. 18, 2020, S260493.) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (§ 1170.95, subd. (d)(3).)

After a defendant submits a petition and the court performs an initial review for missing information, subdivision (c) of section 1170.95 provides that "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested

5

counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."[2]

After issuing an order to show cause, the trial court is required to hold a hearing "to determine whether to vacate the murder conviction and to recall the sentence . . . ." (§ 1170.95, subds. (c), (d)(1).) At that hearing, the prosecution bears the burden of proving beyond a reasonable doubt that the defendant is not eligible for resentencing. (§ 1170.95, subd. (d)(3).) "The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Ibid.*)

B.    *Analysis*

This court previously concluded that defendant's murder conviction was supported by substantial evidence because, regardless of whether sufficient evidence supported every theory of liability advanced by the prosecutor, there was sufficient evidence that defendant acted as a direct aider and abettor. (*King, supra*, C050300.) There is nothing in the record that indicates which theory the jury adopted, or whether some jurors relied on one theory while other jurors relied on another. Thus, the record does not preclude the

---

[2]    Appellate courts are currently split on whether one or two prima facie showings must be made and on whether a resentencing petition may be summarily denied under section 1170.95 without first appointing counsel. (See, e.g., *Verdugo, supra*, 44 Cal.App.5th at pp. 332-333, review granted Mar. 18, 2020, S260493; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137, review granted Mar. 18, 2020, S260598.) The court in *People v. Cooper, supra*, 54 Cal.App.5th at page 118, review granted November 10, 2020, S264684, held there is only one prima facie determination to be made and that the right to counsel attaches immediately upon the filing of a facially complete petition. (*Id.* at p. 109.)

The question of when the right to appointed counsel arises is now pending before our Supreme Court; however, we need not reach that issue here because the trial court appointed counsel before denying defendant's petition.

6

possibility that the jury found defendant guilty on a theory that did not require a finding of malice. We therefore cannot say, and did not previously decide, that defendant possessed the intent to kill as a matter of law.

Because the record of conviction does not establish that defendant possessed the intent to kill as a matter of law, and it does not appear that he is otherwise ineligible for relief as a matter of law, we reverse and remand the matter to the trial court to conduct further proceedings in accordance with the terms of section 1170.95. (See *People v. York* (2020) 54 Cal.App.5th 250, 262 ["[w]hen the trial court cannot determine that the petitioner is ineligible for relief as a matter of law . . . , the petitioner is permitted to proceed to the next stage of review under section 1170.95, subdivision (c)," italics omitted], review granted Nov. 18, 2020, S264954.)

## DISPOSITION

The trial court's order denying defendant's resentencing petition is reversed. We remand for the trial court to conduct further proceedings in accordance with the terms of section 1170.95, subdivisions (c) and (d).



                                                        KRAUSE_____, J.


We concur:


_____RAYE_____, P. J.


_____HOCH_____, J.

7